PROSPECT PARK NATIONAL BANK, PLAINTIFF, v. LIBERTY FUEL OIL COMPANY, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted January 20, 1942—Decided February 4, 1942.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff, *Peter Hofstra.*

For the defendant, *Child, Riker, Marsh & Shipman* (*Everett M. Scherer,* of counsel).

The opinion of the court was delivered by

PARKER, J.   The suit is on two promissory notes of $800 each, of the same date, by Liberty Fuel Oil Company to the order of one B. F. Reinauer, and which, in the language of the complaint, were "negotiated to the plaintiff before maturity." A copy of each note is annexed to the complaint, but in neither case is there a copy of any endorsement. However, the question whether a suit at law may be maintained by a transferee without endorsement (see *R. S.* 7:2-30, Negotiable Instruments Act) is not now raised. Defendant maker answered, alleging lack of authority in its president to make the notes, and other defenses not now before us. The questions argued arise out of the fact that defendant corporation filed a counter-claim against Reinauer, not an original party to the suit, alleging that Osborne, the president of the company, had owed Reinauer some $12,000 for the purchase of stock in the company, and to meet that obligation had paid him $6,000 of company money, and delivered to him $6,000 in notes signed in the name of the company by him as president, and that when the company learned the facts Reinauer had obtained $10,400 of its money, and the counter-claim was filed and summons issued thereon, to recover this money back from Reinauer. It will be observed that the $10,400 plus the two notes of $800 each, makes up the $12,000, though this does not seem to be pleaded.

There was a motion before a Circuit Court judge, sitting as a commissioner of this court, to strike out the counter-claim on the ground that the causes of action in the counter-claim are not pertinent to the main issues. That motion was denied; and is now repeated here.

It is not very plain on the face of the record, but we think it is discernible, that the position of the Liberty Company is

that Osborne fraudulently used $6,000 of its money in part payment of a $12,000 debt to Reinauer: that Osborne fraudulently signed the company's name to $6,000 of notes, in payment of the balance of his debt: that $4,400 of those notes were paid with company money: and that the remaining $1,600 is represented by the notes held by the bank, received by it from Reinauer, and (as charged in one of the separate defenses) "with full knowledge of the circumstances surrounding their issuance and delivery." This is better rhetoric than pleading, but will suffice for present purposes.

We are not disposed to overrule the action of the Circuit Court Judge. Rule 65 expressly contemplates a counter-claim against third parties. As to the notes signed by Osborne for the company in the amount of $6,000, of which the two notes held by plaintiff are a part, the company claims invalidity of them all, as a defense against the bank, and as a cause of action against Reinauer. The main issue—fraud of Osborne —inheres in both the principal suit and the counter-claim. It may develop later that separate trials will be required, but at the present juncture, in view of the broad and equitable character of the rules, we cannot say that the refusal to strike out the counter-claim was unwarranted. The application will therefore be denied, but without costs.